GEORGE T. BAUM, Respondent, *v.* ARTHUR H. LAMBORN and Others, Copartners Doing Business under the Firm Name and Style of LAMBORN & Co., Appellants.

First Department, November 3, 1922.

Accounting — action by assignee of steamship company to recover expense money paid to defendants on false statements and money collected from consignees — answer demanded accounting — action one in equity — bill of particulars as to expenses and money collected denied — interlocutory judgment may be ordered directing accounting.

An action by an assignee of a steamship company to recover from agents engaged to unload cargoes and deliver the same to the consignees, a sum alleged to have been paid the agents as expenses, on the basis of false statements made to the steamship company, and to recover money collected by the agents from consignees, in which the defendants ask for an accounting, is an action in equity for an accounting although the complaint does not ask for an accounting in so many words but demands a money judgment.

In equity actions for an accounting it has not been the practice of the court to order a bill of particulars of the defendants' account, and accordingly the plaintiff will not be granted a bill of particulars as to the expenses and the money collected, but an interlocutory judgment may be ordered for an accounting and the defendants required to render an account in pursuance of said judgment.

APPEAL by the defendants, Arthur H. Lamborn and others, from portions of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1922, directing that the defendants serve a bill of particulars as to certain defenses and a counterclaim alleged in the amended answer.

*Van Doren, Conklin, McNevin & McClenthen* [*Alfred C. B. McNevin* of counsel; *Julian D. Heath* with him on the brief], for the appellants.

*Maxwell Slade* of counsel [*David H. Slade* with him on the brief], for the respondent.

SMITH, J.:

The plaintiff is suing as assignee of the Five Continent Steamship Company. The allegations in the complaint substantially are that the plaintiff's assignor carried large cargoes of merchandise for various owners on the steamship *Elida Clausen* and on the steamship *Copenhagen* which had sailed from New York to Havana, Cuba. The defendants undertook in the agreement to take charge of the unloading of the entire cargo, and obtain dock space at the port of Havana, and to hire lighters, stevedores and other persons for the purpose of unloading and discharging said cargo and for the

purpose of delivering said cargo to the respective consignees at the port of Havana, and to collect from the various and respective consignees all moneys due to the Five Continent Steamship Company for demurrage, lighterage and all other expenses incurred by the said Five Continent Steamship Company which were chargeable to the respective consignees. The complaint further alleges that prior to the completion of the service the defendants falsely represented to the plaintiff's assignor that they had incurred expenses of upwards of $171,000, which the Five Continent Steamship Company paid to the defendants relying upon their representation to that effect. It further alleged that the defendants collected from the various consignees $118,452.33, making a total of the moneys received by the defendants the sum of $290,045.64. The complaint further alleges that the representation to plaintiff's assignor as to the amount of expenses was fraudulently made and was false, to the knowledge of the defendants, and that in fact their expenses amounted to no more than $50,000. The defendants were also to receive two and one-half per cent of the value of the cargo for their services rendered under the contract. The demand of the complaint is against the defendants for the sum of $240,045.64.

The answer, after making certain denials, alleges that the expenses incurred, together with the defendants' commissions, amounted to more in amount than the moneys received by the defendants, so that there was no liability on the part of the defendants to the plaintiff, and sets up also a counterclaim amounting to $1,951.35. The defendants thereupon pray that an account be taken and stated by and under direction of the court between the plaintiff and the defendants, covering the receipts and disbursements of the defendants during and in the course of its operation of the contract relating to said steamers, *Elida Clausen* and the *Copenhagen*, and that a certain sum be set aside as indemnity as against a claim made by some party in Cuba against the defendants in connection with these transactions.

While the complaint does not ask for an accounting, in so many words, it seems clear that this is purely an action in equity for an accounting. The defendants as the agents of the plaintiff's assignor, received large amounts of money which they held in trust for the plaintiff's assignor beyond what is necessary to repay the expenses incurred and the commissions to which they were entitled under the contract. The only judgment possible upon this branch of the case is a judgment for an accounting. This relief is asked for in the answer. The defendants do not stand upon any account stated as to the $171,000 paid. In equity actions for an accounting it has not been the practice of the court to order a bill of particulars

of the defendant's account. The duty devolves upon the defendants upon an interlocutory judgment for an accounting to make a statement of the account, which would include the very items for which the bill of particulars is here asked in respect of the expenses actually incurred by the defendants in the transaction and the moneys received from the consignees of the cargoes. While the plaintiff is clearly entitled to a full statement of these expenses and moneys received, we think the orderly practice should be pursued, and the defendants should be required to render him an account directed by any interlocutory judgment which may be ordered.

Other objections are made to the order, which are to the effect that some of the matters ordered are repetitions, and that the defendants are required to state too much in detail of other matters; but we see no reason to modify the order in those respects. The gravamen of the appellants' brief is their complaint of the requirement to give a bill of particulars of the accounts between the parties, and in that respect we think that the order at this stage of the action was not within the established practice of the courts.

The order should, therefore, be modified by striking out therefrom such parts as require the defendants to state the expenditures of the defendants to which the defendants are properly entitled under the contract, and the receipts under the contract.

The order should be modified as stated in the opinion, with ten dollars costs and disbursements to the appellants, and as modified affirmed.

Clarke, P. J., Dowling, Page and Merrell, JJ., concur.

Order modified as stated in the opinion, with ten dollars costs and disbursements to the appellants, and as so modified affirmed. Settle order on notice.